# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERENA RICHTER,<br><br>      Plaintiff,<br><br> vs.<br><br>PENNSYLVANIA STATE POLICE, an agency of the Commonwealth of Pennsylvania; JOHN P. WEAVER, individually, and in his official capacity as a trooper for the Pennsylvania State Police; GINO FAGNILLI, individually, and in his official capacity as a trooper for the Pennsylvania State Police; ROBERT F. WILSON, individually, and in his official capacity as a trooper for the Pennsylvania State Police, and JACK R. HENEKS, JR., individually, and in his official capacity as District Attorney of Fayette County, Pennsylvania,<br><br>      Defendants. | No. 2:15-cv-00775-CB<br><br>Judge Bissoon<br><br><br><br><br><br><br><br><br><br>*Electronically Filed.* |

# DEFENDANT WEAVER'S
## PRETRIAL NARRATIVE STATEMENT

AND NOW, comes the Defendant[1], Weaver ("Defendant Weaver"), by his attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Keli M. Neary, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submits the following PreTrial Narrative Statement:

## I.  STATEMENT OF MATERIAL FACTS TO BE OFFERED AT TRIAL

Plaintiff, Serena Richter ("Plaintiff") has alleged that she was a passenger in a vehicle involved in a fatal traffic event on June 16, 2011, which resulted in the death of Samuel McKnight.   In June of 2013, Plaintiff was arrested and charged with a number of criminal

---

[1] Although not reflected on the docket, it appears that Defendant Weaver is the only remaining PSP Defendant because all claims against PSP Defendants Fagnilli and Wilson were resolved in their favor at the summary judgment stage of these proceedings.  See Memorandum and Order (Doc. # 69), at 1, 24.

offenses, including Homicide by Vehicle while Driving Under the Influence.  These charges were held for court following a preliminary hearing before a Magisterial District Judge, and a Criminal Information was eventually filed in the Court of Common Pleas of Fayette County.  At a subsequent criminal trial, the trial judge entered a judgment of acquittal in favor of Plaintiff on all charges at the close of the Commonwealth's case.

Plaintiff has one remaining claim, for False Arrest under the Fourth Amendment, against Defendants Weaver and District Attorney Heneks.  At the time the charges were filed, Defendant Weaver will testify that he had knowledge or information that on June 16, 2011, Plaintiff and McKnight were occupants of a 2008 Hummer H3.  While neither was the registered owner, Plaintiff had primary possession and use of the vehicle.  Plaintiff had been driving to several drinking establishments, including the Lemont Sportsman Club, where they both consumed alcohol that day.  Plaintiff provided a statement wherein she indicated stated that she had been driving that day and they did not switch until they were leaving the Lemont Sportsman Club. The Hummer was subsequently involved in a one vehicle collision after it struck a utility pole while travelling at an approximate speed of 45 miles per hour.  At the time of the collision, neither Plaintiff nor McKnight were wearing a seat belt or lap restraint.

The contact with the utility pole resulted in the Hummer spinning and then rolling over several times; during this roll-over sequence, McKnight was ejected through the Hummer's sun roof.  McKnight was subsequently killed as a result of being struck in the head by the roof of the vehicle as it rolled over him.  Plaintiff was not ejected and remained in the vehicle until it came to its final rest position.

There were no eyewitnesses to the incident able to identify the operator of the vehicle at the time of the fatal crash.  Plaintiff exited the Hummer and went to where McKnight's body lay

in the roadway.  While kneeling over his body, she stated several times "I told you not to drive." Trooper Wilson noticed an odor of alcohol coming off Plaintiff when assisted her up into the ambulance.  Plaintiff was removed from the scene by ambulance and taken to a local hospital.  A blood sample was taken from Plaintiff upon her arrival at the hospital.  This sample was subsequently tested and measured Plaintiff's blood alcohol content (BAC) at .142 per cent.  In his subsequent analysis of the crash site and the crash dynamics of the vehicle, Trooper Weaver noted that McKnight "was ejected through the sun roof and killed" and concluded that "[t]he dynamics of the crash make it unlikely that any occupant other than the right front seat passenger would have been ejected."  Accordingly, because Plaintiff was not ejected and survived the crash, Trooper Weaver concluded that she was likely the operator of the Hummer at the time of the crash.

At some time thereafter, three individuals were identified by Plaintiff and/or her attorney at the time who indicated that they had observed McKnight operating the Hummer while they were with Plaintiff and McKnight at the Lemont Sportsman Club at a time prior to the incident.

Ultimately, after consultation with District Attorney Heneks, Defendant Weaver prepared and filed a Criminal Complaint against Plaintiff on June 14, 2013.  The Complaint charged eight (8) separate criminal and summary offenses, including two (2) counts of Homicide by Vehicle. Defendant Weaver took the Complaint to the District Justice to file, but did not request the issuance of a warrant.  Plaintiff recalled that she was notified that charges had been filed against her through a friend that worked in law enforcement.  Plaintiff then contacted an attorney who advised her to turn herself in.

Plaintiff went to the Magisterial District Judge's office with her attorney on June 27, 2013, nearly two weeks after the Criminal Complaint had been filed.  Plaintiff does not

remember anyone from the PSP or the District Attorney's Office being there, nor was she told

that she was under arrest or placed in handcuffs while she was there.  It also does not appear that

she was fingerprinted.

Plaintiff then appeared before the Magisterial District Judge for her preliminary

arraignment.  That same day, Plaintiff executed a Bail Bond and a Surety Information form at the

Magisterial District Judge's office.  Plaintiff was given an unsecured bond in the amount of

$25,000.000, but was not required to post any bail.  The Bail Bond identified the following

conditions to which Plaintiff was subject while on bond:

1.  The defendant must appear at all times required until full and final disposition of the case(s).

2.  The defendant must obey all further orders of the bail authority.

3.  The defendant must provide a current address and must give written notice to the bail authority, the clerk of courts, the district attorney and the court bail agency or any other designated court bail officer of any change of address within 48 hours of the date of the change.

4.  The defendant must neither do, nor cause to be done, nor permit to be done on his or her behalf, any act as proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses of victims) or by Section 4953 of the Crimes Code (relating to retaliation against witnesses of victims), 18 Pa. C.S. § 4952, 4953..

5.  The defendant must refrain from criminal activity.

6.  The defendant must comply with any fingerprint order, if any is issued by the court.

No restrictions upon plaintiff's ability to travel were included within the bail bond.

Defendant Weaver was not present when Plaintiff turned herself in nor when she was

arraigned on the underlying criminal charges.

The charges were subsequently held for court following a preliminary hearing before a

Magisterial District Judge on December 18, 2013, and a Criminal Information was eventually

filed in the Court of Common Pleas of Fayette County on January 17, 2014, although her formal

arraignment was waived.  At a subsequent criminal trial which commenced on January 5, 2015,

the trial judge entered a judgment of acquittal in favor of Plaintiff on all charges at the close of

the Commonwealth's case.

## II.  WITNESSES

In addition to the witnesses listed in any other Party's pretrial narrative statement, the

Corrections Defendants may call the following individuals as witnesses:

1.  PSP Corporal John P. Weaver, Defendant

2.  Former Fayette County District Attorney Jack R. Heneks, Defendant

3.  Gino Fagnilli, Pennsylvania State Police

4.  Robert F. Wilson, Pennsylvania State Police

5.  Honorable Wendy D. Dennis, Magisterial District Judge, Uniontown, PA 15401

## III.  EXHIBITS

In addition to the exhibits listed in any other Party's pretrial narrative statement, the

Corrections Defendants may present any or all of the following items:

1.  PSP General Investigative Report B04-1851308, including all attachments[2]

2.  Interview with Serena Rae RICHTER (June 16, 2011)

3.  All related PSP search warrant applications and search warrants

4.  All related PSP affidavits of probable cause for search warrants

5.  Criminal Docket for No. CP-MJ-14202-CR-0000188-2013

6.  Bail Bond/Surety Information Page

7.  Criminal Docket for No. CP-26-CR-0002263-2013

8.  Police Criminal Complaint (OTN T338838-3/No. 2263 of 2013)

9.  Affidavit of Probable Cause (OTN T338838-3/No. 2263 of 2013)

10.  Order of Court, January 8, 2015 (No. 2263 of 2013)

11.  Deposition Transcript of Serena Richter

---

[2] As attached to Defendant Weaver's Motion for Summary Judgment.  See (Doc. # 72-2).

12.     Deposition Transcript of Jack R. Heneks, Jr.

Defendant Weaver will not be presenting any expert or physician's reports as part of his case in chief.

## IV.  DAMAGES

No damages are sought by Defendant Weaver in this case.

## V.  UNUSUAL LEGAL ISSUES

Defendant Weaver joins District Attorney Heneks' identification of the issue of available damages under a claim of False Arrest.

## VI.  LENGTH OF TRIAL

It is estimated that the trial of this case should consume no more than four trial days.

Defendant Weaver reserves the right to amend or supplement this pretrial narrative statement up to and including the time of trial.

WHEREFORE, Defendant Weaver respectfully requests that the Court accept the foregoing as the Defendant Weaver's PreTrial Narrative Statement in this case.

Respectfully submitted,

JOSH SHAPIRO
Attorney General


Office of Attorney General                   s/ Scott A. Bradley
Litigation Section                   Scott A. Bradley
1521 Waterfront Place                Senior Deputy Attorney General
Mezzanine Level                      Attorney I.D. No. 44627
Pittsburgh, PA 15222
Phone: (412) 565-3586                Keli M. Neary
Fax:   (412) 565-3019                Chief Deputy Attorney General

Date:  August 16, 2018