# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERENA RICHTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-775 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PENNSYLVANIA STATE POLICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER ON PRETRIAL MOTIONS

Pending before the Court are several pretrial motions filed by Defendants Jack R. Heneks ("Heneks") and John P. Weaver ("Weaver"), to which Plaintiff has responded.[1] For the reasons below, the Court resolves these motions as follows:

- Heneks' Motion in Limine to Preclude Evidence of Judgment of Acquittal (Doc. 99) is DENIED.

- Heneks' Motion in Limine to Preclude Evidence of Psychiatric of Physical Injury (Doc. 101) is GRANTED, in part, and DENIED, in part.

- Heneks' Motion in Limine to Preclude Expert Opinion Testimony of Dr. Cyril Wecht (Doc. 103) is GRANTED.

- Heneks' Motion in Limine to Preclude Evidence of Past or Future Wage Loss (Doc. 105) is GRANTED, in part, and DENIED, in part.

- Heneks' Motion in Limine to Preclude Evidence or Testimony of Loss of Employment (Doc. 107) is DENIED.

- Weaver's Motion in Limine (First) to Exclude Evidence and Testimony on Certain Damages (Doc. 109) is GRANTED, in part, and DENIED, in part.

---

[1] References to the parties' respective arguments throughout refer to their briefs supporting or opposing each motion.

- Weaver's Motion in Limine (Second) to Exclude Evidence and Testimony on Criminal Defense Attorney Fees and Costs (Doc. 111) is GRANTED, in part, and DENIED, in part.

- Weaver's Motion in Limine (Third) to Exclude Evidence and Testimony on Judgment of Acquittal in Underlying Criminal Proceeding (Doc. 113) is DENIED.

- Weaver's Motion in Limine (Fourth) to Exclude the Testimony and Report of Plaintiff's Expert, Cyril Wecht (Doc. 115) is GRANTED.

- Defendants' Joint Motion to Strike Plaintiff's Supplemental Pretrial Statement (Doc. 130) is GRANTED.

**ANALYSIS**

1. Defendants' motions in limine to preclude evidence of judgment of acquittal (Docs. 99 and 113) are denied.

Defendants argue that Plaintiff's Judgment of Acquittal is irrelevant to a false arrest claim because it is irrelevant to the existence of probable cause. They further argue that, even if this evidence is relevant, its probative value is outweighed by the dangers of unfair prejudice and confusion under FRE 403. The Court disagrees. When a Pennsylvania court grants a motion for judgment of acquittal under Pa. R. Crim. P. 608, that court decides that there is not "sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." Commonwealth v. Fitzpatrick, 159 A.2d 562, 567 (Pa. Super. Ct. 2017). Granting such a motion also requires the Pennsylvania court to find that "the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Id. Such a finding is relevant for two reasons: it has a tendency to make the existence of probable cause less likely, as there is a narrow window within which evidence can suffice to show probable cause yet fail under the "no probability of fact" standard; and, it tends to decrease the likelihood that the Magisterial District Judge who issued Plaintiff's arrest warrant would have found probable cause if given more information about the known evidence. Any risk of

prejudice or confusion as to this evidence can be cured through the Court's instructions to the jury.

   2. Defendants' motions in limine to preclude various forms of expert testimony and all evidence of damages (Docs. 101, 103, 105, 107, 109 and 115) are granted to the extent they are based on noncompliance with expert disclosure rules, but denied to the extent they depend on other grounds.

Several pending motions seek to preclude Plaintiff's expert testimony on the ground (among other grounds) that Plaintiff has failed to comply with LCvR 16.1.C.1.g. and Federal Rule of Civil Procedure 26(a)(2) concerning expert disclosures.[2]

Defendants state that Plaintiff has failed to provide the required disclosures for any medical or psychiatric expert, for Dr. Cyril H. Wecht, or for any economic loss expert in her

---

[2] LCvR 16.1.C.1.g. provides that the parties shall file a pretrial statement by the date specified in the Court's scheduling order, which the Court set for July 23, 2018. (See Docs. 92, 94.) The rule also provides that the pretrial statement shall include "copies of all expert disclosures that the party made pursuant to Federal Rule of Civil Procedure 26(a)(2) with respect to expert witnesses identified in the pretrial statement pursuant to LCvR 16.1.C.1.c. [requiring: "the name, address, and telephone number of each witness," the party's expectation as to whether that witness will be called, and whether the witness will testify as to damages and/or liability]." Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose, unless otherwise stipulated by the parties or ordered by the Court:
   a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
   (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
   (ii)   the facts or data considered by the witness in forming them;
   (iii)  any exhibits that will be used to summarize or support them;
   (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
   (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
   (vi)   a statement of the compensation to be paid for the study and testimony in the case.
Fed. R. Civ. P. 26(a)(2)(B). In the event that an expert witness is not required to provide such a report, the party must disclose: "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

pretrial statement. (See Docs. 101, 103, 105, and 115.) Plaintiff's only response is that "in the pre-trial statement, counsel has reserved the right to present expert reports up to the time of trial. Additionally, all counsel have been kept informed of the progress of plaintiff's experts and are aware that expert reports will be provided as soon as they are prepared." (Docs. 120, 125, 122 and 124.[3])

Plaintiff's response is plainly insufficient. By Plaintiff's implied concession, Plaintiff has failed to comply with Court's Order on the timing of expert disclosures, (see Docs. 92, 94), as well as LCvR 16.1.C.1.g. and Federal Rule of Civil Procedure 26(a)(2). Plaintiff cannot unilaterally assert an ability to file her expert disclosures up to the time of trial. Accordingly, to the extent that Defendants motions seek to preclude testimony from any medical or psychiatric expert, Dr. Cyril H. Wecht, or any economic loss expert, their motions are granted and this testimony is precluded.

Defendants also request, beyond the preclusion of expert testimony, that the Court preclude any evidence relating to damages. Defendants' argument, in summary, is that damages for false arrest terminate at the point that judicial proceedings begin. As to Plaintiff, her voluntary first appearance before a Magisterial District Judge was both the start of her "arrest" and the beginning of judicial proceedings. Therefore, there was no period of time within which legally cognizable damages could have occurred. Plaintiff argues in response that, where a Fourth Amendment seizure continues beyond release from physical custody or the beginning of judicial process, false arrest damages likewise continue for the duration of the seizure.

---

[3] Docket entries for Plaintiff's responses are ordered according to the motion to which they respond—for example, Docket Entry 120 responds to Docket Entry 101.

Neither side is entirely correct. Defendants' argument goes too far in concluding that there is a strict temporal block against damages for injuries caused during a false arrest but continuing to manifest harm after arraignment. Plaintiff's argument goes too far in concluding, effectively, that there is no distinction between the damages available for false arrest and malicious prosecution claims.

The Court of Appeals for the Third Circuit has consistently held that "[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007) (quoting Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998)). The Court finds that this rule draws a distinction between damages proximately caused by a false arrest (pre-arraignment stage), and damages proximately caused by a malicious prosecution (post-arraignment stage). Cf., e.g., Egevary v. Young, 366 F.3d 238, 246-48 (3d Cir. 2004) (discussing application of common law proximate cause principles to constitutional torts); Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000) ("It is axiomatic that '[a] § 1983 action, like its state tort analogs, employs the principle of proximate causation.'" (quoting Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999)); accord Johnson v. Provenzano, 646 F. App'x 279, 282 (3d Cir. 2016). In other words, if an arrest without probable cause proximately causes harm that continues beyond arraignment (for example, a continuing loss of employment or ongoing emotional distress due to the arrest itself), an arraignment does not automatically terminate those continuing damages. However, to recover such damages, a plaintiff must prove that the damages were proximately caused by the false arrest rather than post-arraignment events. To the extent that Defendants' motions request preclusion of all evidence on damages because damages are

available only for the fleeting moment of Plaintiff's first appearance before a judge, that request is denied.[4]

Defendants also argue that Plaintiff is judicially estopped from pursuing damages for her termination due to the existence of another federal proceeding in which she asserted that her termination was in retaliation for taking FMLA leave rather than for her false arrest. (See Docs. 106 and 108.) Plaintiff, however, provides a reasonable explanation for why her two positions are mutually consistent: "had it not been for the fact of her false arrest, [Plaintiff] would not have been terminated from her job because [her employer] would not have had her arrest as an excuse." (Doc. 122.) In light of Plaintiff's reasonable justification, the Court finds that Plaintiff's positions in these lawsuits are not irreconcilable and that she is not estopped from pursuing damages for her termination.

---

[4] As to Manuel v. City of Joliet, 137 S. Ct. 911 (2017), whose significance the parties dispute, the Supreme Court merely held that the Fourth Amendment governs post-arraignment, pretrial detention pursuant to an arrest warrant issued without probable cause. The Court explicitly declined to address any rule for apportioning damages between false arrest and malicious prosecution claims. Id. at 920 ("[o]ur holding . . . addresses only the threshold inquiry in a 1983 suit . . . . [a]fter pinpointing that right, courts still must determine the elements of, and rules, associated with, an action seeking damages for its violation." (citing Carey v. Piphus, 435 U.S. 247, 257-58 (1978)). In Carey, the Court held that damages for an injury caused by a violation of rights under § 1983 should generally be governed by the common law tort rules of damages, and that lower courts must adapt such rules "to provide fair compensation for injuries caused by deprivation of a constitutional right." Carey, 435 U.S. at 257-58. Concerning Plaintiff's argument, while it is true that Manuel casts some doubt on the dichotomy between (pre-legal-process) false arrest claims and (post-legal-process) malicious prosecution claims, see Manuel v. City of Joliet, 903 F.3d 667, 670 (7th Cir. 2018) (Easterbrook, J. on remand) ("After Manuel, 'Fourth Amendment malicious prosecution' is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention."), this Court reads Manuel as entirely consistent with the precedents of our Court of Appeals.

3. Weaver's motion in limine to exclude evidence and testimony on criminal defense attorney fees and costs (Doc. 111) is granted, in part, and denied, in part.

As stated above, Plaintiff must establish a proximate link between her false arrest claim and any claimed damages. The proximate causation issue is complicated, however, where an alleged false arrest is conducted pursuant a judicial warrant that issued based on material misrepresentations or omissions, and plaintiff then seeks damages for fees incurred in defending the underlying criminal suit during the prosecution phase. See, e.g., Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) ("[W]e will not reach the issue of intervening causation. We have no reason to use this case as a vehicle for effectively deciding, for example, that a § 1983 [false arrest] plaintiff who was the victim of fabricated evidence can never sue for damages incurred after a prosecutor's decision to indict.").

In line with the common law tort principles of proximate and intervening causation, the Court finds that Plaintiff can recover such damages, but only for attorneys' costs and fees incurred prior to her arraignment. As to costs and fees that Plaintiff incurred post-arraignment for her criminal defense, such costs and fees are, by their nature, proximately linked to her prosecution rather than to her false arrest. See id. at 156 ("Although Hector is not seeking damages for imprisonment following a conviction, as in [Heck v. Humphrey, 512 U.S. 477 (1994)], he is still seeking to recover costs incurred while defending against a prosecution, relief that the common law made available exclusively under malicious prosecution."). As a result, any such post-arraignment evidence and testimony as to criminal attorneys' fees is precluded.

4. Defendants' joint motion to strike Plaintiff's supplemental pretrial statement (Doc. 130) is granted.

Defendants argue that Dr. Ronald Eck should be prohibited from testifying as a witness at trial due to Plaintiff's failure to timely comply with the expert disclosure rules discussed above.

Plaintiff responds that, under Federal Rule of Civil Procedure 26(a)(3)(A), expert disclosures are not required for impeachment evidence. However, that rule states: "*In addition to the disclosures required by Rule 26(a)(1) and (2)*, a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A) (emphasis added). This rule requires additional disclosures beyond those required under Rule 26(a)(2); it does not limit the scope of required disclosures under Rule 26(a)(2). Accordingly, as Plaintiff has failed to comply with the relevant expert disclosure requirements, Defendants' motion is granted and Dr. Ronald Eck's expert testimony is stricken and precluded.

    IT IS SO ORDERED.


December 4, 2018                                                        s/Cathy Bissoon
                                                                      Cathy Bissoon
                                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record